UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRANDON WESLEY BOX,

                                        Plaintiff,

                                                                Case #13-CV-6589-FPG

v.
                                                                ORDER DISMISSING CASE

OFFICER D. PALMA #1343,
OFFICER E. CATON #1337, and
OFFICER S. GREENE #1327,

                                        Defendants.

_____

By Decision and Order dated December 4, 2013, I ordered that this case be stayed pending the final resolution of criminal charges that were pending against the Plaintiff in New York State Court. Dkt. # 3. That Order also required the Plaintiff "to contact the Court to inform it as to the state of his criminal charges every six months." *Id.* Despite the passage of some ten months after that order was issued, the Plaintiff failed to provide the Court with the required status report, and the Court had received no communications at all from the Plaintiff.

On October 23, 2014, Plaintiff was ordered to show cause, in writing and before November 7, 2014, why this case should not be dismissed for failure to prosecute this action and/or for failure to comply with the Court's directives. Although the October 23, 2014 Order warned Plaintiff that the failure to respond to the Order to Show Cause would result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b), the Plaintiff has failed to respond to that Order in any fashion.

Fed. R. Civ. P. 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). While a harsh remedy, the rule is "intended to serve as a rarely employed, but useful,

tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014), quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*,16 F.3d 482, 485 (2d Cir. 1994).

In this case, the Court gave Plaintiff ample time to comply with the Court's previous order – which required status reports regarding his state prosecution to be filed every six months – as well to comply with the Order to Show Cause. Those orders were issued on December 4, 2013 and October 23, 2014, respectively, yet the Court has not received any response at all from the Plaintiff. The Order to Show Cause plainly placed Plaintiff on notice that his failure to comply would result in the dismissal of this case, but despite that warning, the Plaintiff has ignored the Order. The Court has given the Plaintiff opportunities to comply with the Court's directives and to move this case forward, but again, the Plaintiff has refused to respond, and has not taken any action to prosecute this case despite the issuance of orders from this Court. Further, the most recent mailing that was sent to the Plaintiff from the Clerk of the Court was returned by the postal service as undeliverable. As a result, the Court has no means to communicate with the Plaintiff, and because of that fact and because of his refusal to respond to court orders, there is no sanction less drastic than dismissal that would be effective.

Due to the Plaintiff's failure to comply with the Court's prior orders, and because the Plaintiff has not communicated with the Court in any fashion to explain or correct the noncompliance despite being warned of the consequences of failing to respond, I find that dismissal is appropriate under the facts of this case, and this action is hereby dismissed, with prejudice. The Clerk is directed to close this case.

IT IS SO ORDERED.

DATED:   Rochester, New York
         December 8, 2014

HON. FRANK P. GERACI, JR.
United States District Judge

3