UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRANDON WESLEY BOX,

                                    Plaintiff,

                                                    Case # 13-CV-6589-FPG

v.

                                                    DISMISSAL ORDER

OFFICER D. PALMA #1343,
OFFICER E. CATON #1337, &
OFFICER S. GREENE #1327,

                                    Defendants.

## INTRODUCTION

On November 6, 2013, Plaintiff brought this case against Defendants. ECF No. 1. On December 5, 2013, the Court stayed this case pending the resolution of Plaintiff's criminal charges in New York State Court. ECF No. 3.

## BACKGROUND

On October 23, 2014, the Court ordered Plaintiff to show cause in writing why his case should not be dismissed for failure to "contact the Court to inform it as to the state of his criminal charges every six months." ECF No. 10. On December 8, 2014, the Court dismissed this case because Plaintiff failed to provide the requisite status reports and to respond to the October 23, 2014 Order to Show Cause. ECF No 11.

On July 2, 2015, the Court vacated that Order and reopened this case after learning that the Order to Show Cause was sent to the wrong address and that Plaintiff had sent status reports to the Court but they were not docketed. ECF No. 14. The Court ordered Plaintiff to file a report regarding the status of his state court appeal within 30 days of the date of the Order and to file a status report every six months thereafter. *Id.* at 1-2. The Court also ordered Plaintiff to notify it immediately if the state court issued a ruling on his appeal. *Id.* at 2.

Plaintiff provided status reports to the Court on July 6, July 13, and December 23, 2015, and March 3, May 13, and December 5, 2016. ECF Nos. 15-19. In his last status report, Plaintiff wrote that his state court appeal "is now currently being decided." ECF No. 19 at 1. Despite the Court's directive that Plaintiff provide status reports every six months, Plaintiff did not communicate with the Court for nearly 11 months. Accordingly, on November 2, 2017, the Court again ordered Plaintiff to show cause in writing by December 4, 2017, why his case should not be dismissed for failure to prosecute. ECF No. 20.

Plaintiff timely responded to the Order to Show Cause and informed the Court that his state court case is pending before the New York State Court of Appeals. ECF No. 21 at 1. Based on Plaintiff's response, the Court ordered Plaintiff to file a status report as to his state court appeal by January 8, 2018 and every six months thereafter. Despite this deadline, Plaintiff did not file a status report or otherwise communicate with the Court. Thus, on January 25, 2018, the Court again ordered Plaintiff to show cause in writing by February 26, 2018 why this case should not be dismissed for his repeated failure to adhere to the Court's deadlines. The show cause deadline passed and the Court has not heard from Plaintiff.

## DISCUSSION

Fed. R. Civ. P. 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). Although it is a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Here, the Court has given Plaintiff many opportunities to prosecute his case, which is now over four years old, and even reopened this case after it was dismissed. Nonetheless, Plaintiff continues to disregard the Court's Orders and deadlines. The Court has ordered Plaintiff to show cause on three separate occasions, and each Order warned him that his case was in jeopardy of being dismissed. ECF Nos. 10, 20, 23. Despite the most recent warning in the Court's January 25, 2018 Order to Show Cause, Plaintiff has not responded and has repeatedly failed to prosecute this case. Accordingly, there is no effective sanction less drastic than dismissal.

## CONCLUSION

For the reasons stated, this case is DISMISSED WITH PREJUDICE and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: March 10, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court